CONTINUING GUARANTY AND SUBORDINATION AGREEMENT ("Guaranty")

TO:   HYUNDAI MOTOR FINANCE COMPANY

1.     For valuable consideration, the receipt of which is hereby acknowledged, the undersigned, Dennis E. Hecker (hereinafter referred to as "Guarantor") unconditionally guarantees and promises to pay to Hyundai Motor Finance Company (hereinafter referred to as "Hyundai Finance"), or order, on demand in lawful money of the United States, any and all present and future indebtedness of Baxter Imports LLC, a Minnesota limited liability company, hereinafter referred to as ("Dealership") to Hyundai Finance.

The word "indebtedness" is used herein in its most comprehensive sense and includes any and all present and future advances, debts, obligations and liabilities of Dealership, now and hereafter made, incurred or created, whether or not accelerated and however arising, whether liquidated or unliquidated, determined or undetermined, and whether Dealership may be liable individually or jointly with others, or whether such indebtedness may be or hereafter become otherwise unenforceable for any reason, including but not limited to becoming barred by any statue of limitations.

2.     This is a continuing guaranty relating to any present and future indebtedness, including that arising under successive transactions which shall either continue the indebtedness or from time to time renew it. This Guaranty shall not apply to any indebtedness created more than two business days after the actual receipt by Hyundai Finance of written notice of its revocation as to future transactions; provided that such notice of revocation shall not be effective as to any guarantor who has failed to give such notice, and shall not release Guarantor from liabilities for payment of: (i) any and all indebtedness then in existence, (ii) any refinancings, renewals or extensions thereof, in whole or in part, whether such refinancings, renewals or extensions are made before or after such revocation or any revocation by operation of law, and (iii) any damages, losses, costs, interest, charges attorney's fees or expenses then or thereafter incurred in connection with such indebtedness or any refinancings, renewals or extensions thereof. Any payment by Guarantor shall not reduce the maximum obligation hereunder unless written notice to that effect is actually received by Hyundai Finance at or prior to the time of such payment. The obligations of Guarantor hereunder shall be in addition to any obligations of Guarantor under any other guaranties of the indebtedness of Dealership or any other persons heretofore given or hereafter to be given to Hyundai Finance unless such other guaranties are expressly modified or revoked in writing; and this Guaranty shall not, unless expressly herein provided, affect or invalidate any such other guaranties. The liability of Guarantor to Hyundai Finance shall at all times be the aggregate liability of Guarantor under the terms of this Guaranty and of any other guaranties given by Guarantor to Hyundai Finance and not expressly revoked, modified or invalidated.

3.     The obligation of Guarantor hereby created is joint and several, and Hyundai Finance is authorized and empowered to proceed against Guarantor without joining Dealership or any other guarantor or party. All of the parties may be sued together, or any of them may be sued separately without first or contemporaneously suing the others. There shall be no duty or obligation upon Hyundai Finance, whether by notice under any applicable statute or otherwise: (i) to proceed against Guarantor, Dealership or any other guarantor or party, (ii) to initiate any proceeding or exhaust any remedy against Guarantor, Dealership, or any other guarantor or party, or (iii) to give any notice to Guarantor, Dealership, or any other proceedings of any kind, against Dealership, Guarantor, or any of them. Guarantor agrees that any payment of any indebtedness or other act which shall toll any statute of limitations applicable to any proposed action against Dealership shall similarly operate to toll such statute of limitations as to Guarantor's liability hereunder.

4.     Guarantor agrees that Hyundai Finance may at any time, either with or without consideration, surrender, release or receive any property or other security of any kind or nature whatsoever held by it or any person on its behalf or for its account securing any indebtedness of Dealership, or any liability, or substitute any collateral so held by Hyundai Finance for other collateral of like kind, or of any kind, without notice to or further consent from guarantor, and such surrender, receipt, release or substitution shall not in any way affect the obligation of Guarantor hereunder. Hyundai Finance shall have full authority to adjust, compromise and receive less than the amount due upon any such collateral, and may enter into any accord and satisfaction agreement with respect to the same as may seem advisable to Hyundai Finance without affecting the obligation of Guarantor hereunder, which shall remain absolute, primary and unconditional. Hyundai Finance shall be under no duty to undertake to collect upon such collateral or any part thereof, and shall not be liable for any negligence or mistake in judgment in handling, disposing of, obtaining, failing to collect upon, or perfecting a security interest in, any such collateral. Hyundai Finance may collect or otherwise liquidate any collateral in any manner and bid and purchase at any sale without affecting or impairing the obligation of Guarantor hereunder.

**Exhibit C**

5. Guarantor agrees that, at any time or times, without notice to or further approval of Guarantor or Dealership, and without in any way affecting the obligation of Guarantor hereunder, Hyundai Finance may, with or without consideration: (i) release, compromise, or agree not to sue, in whole or in part, Dealership, or any other obligor, guarantor, endorser or surety upon any of the indebtedness; (ii) waive, rescind, renew, extend, modify, increase, decrease, delete, terminate, amend, or accelerate in accordance with its terms, either in whole or in part, any of the indebtedness, any of the terms thereof, or any agreement, covenant, condition, or obligation of or with Dealership, or any other obligor, guarantor, endorser or surety upon any of the liabilities; and (iii) apply any payment received from Dealership, or any other obligor, guarantor, endorser or surety upon any of the indebtedness to any indebtedness which Hyundai Finance may choose.

6. Guarantor waives any right to require Hyundai Finance to proceed against Dealership, proceed against or exhaust any security held from Dealership, or pursue any other remedy in Hyundai Finance's power whatsoever. Guarantor waives any defense and cause of action or claim for relief arising by reason of the cessation, discharge or release from any cause whatsoever of the liability of Dealership, such a cause to include, but not be limited to, an act or omission by Hyundai Finance, or any election by Hyundai Finance to pursue or foreclose on certain security of Dealership (such as real property) non-judicially or judicially without first or contemporaneously pursuing or foreclosing on other security of Dealership. Guarantor shall remain liable even though Hyundai Finance may take action that releases or discharges Dealership or any other person from liability on the indebtedness and thereby impairs Guarantor's rights of subrogation or reimbursement against Dealership or such person; and guarantor specifically waives any protection or benefit that may be conferred upon Guarantor by any statutes regarding forms of action, deficiencies, and the enforcement of real property security interests. Until all indebtedness of Dealership to Hyundai Finance shall have been paid in full, even though such indebtedness is in excess of Guarantor's liability hereunder, Guarantor shall have no right of subrogation, and hereby waives any right to enforce any remedy which Hyundai Finance now has or may hereafter have against Dealership, and waives any benefit of, and any right to participate in, any security now or hereafter held by Hyundai Finance. Guarantor waives all presentments, demands for performance, notice of non-performance, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation or incurring of new or additional indebtedness. Guarantor is fully aware of the financial condition of Dealership, and is executing and delivering this Guaranty at Dealership's request and based solely upon Guarantor's own independent investigation of all matters pertinent hereto and is not relying in any manner upon any representations or statements of Hyundai Finance with respect thereto. Guarantor represents and warrants that Guarantor is in a position to obtain, and Guarantor hereby assumes full responsibility for obtaining, any additional information concerning the financial condition of Dealership and any other matter pertinent hereto as Guarantor may desire, and Guarantor is not relying upon or expecting Hyundai Finance to furnish to Guarantor any information now or hereafter in Hyundai Finance's possession concerning the same or any other matter.

By executing this Guaranty, Guarantor knowingly accepts the full range of risks encompassed within a contract of continuing guaranty, which risks Guarantor acknowledges include without limitation the possibility that Dealership will incur additional indebtedness for which Guarantor will be liable hereunder after Dealership's financial condition or ability to pay such indebtedness has deteriorated and/or after bankruptcy or insolvency proceedings have been commenced by or against Dealership. Guarantor shall have no right to require Hyundai Finance to obtain or disclose any information with respect to the indebtedness, the financial condition or character of Dealership, the existence of any collateral or security for any or all of the indebtedness, the filing by or against Dealership of any bankruptcy or insolvency proceeding, the existence of any other guaranties of all or any part of the indebtedness, any action or non-action on the part of Hyundai Finance or any other person, or any other matter, fact or occurrence whatsoever.

Guarantor also hereby waives any claim, right or remedy which such Guarantor may now have or hereafter acquire against Dealership that arises hereunder and/or from the performance by any Guarantor hereunder including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Hyundai Finance against Dealership or any security which Hyundai Finance now has or hereafter acquires, whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise.

7. In addition to all liens upon, and rights of setoff against, the moneys, securities or other property of Guarantor given to Hyundai Finance by law, Hyundai Finance shall have a lien upon and a right of setoff against all moneys, securities and other property of Guarantor now and hereafter in the possession of Hyundai Finance or any of its affiliate companies, whether held in a general or special account, or for safekeeping otherwise; and every such lien and right of setoff may be exercised without demand upon or notice to Guarantor. No lien or right of setoff shall be deemed to have been waived by any act or conduct on the part of Hyundai Finance, or by any neglect to exercise such right of setoff or to enforce such lien, or by any delay in so doing, and every right of setoff and lien shall continue in full force and effect until such right of setoff or lien is specifically waived or released by an instrument in writing executed by Hyundai Finance.

8. Any indebtedness of Dealership now or hereafter held by Guarantor is hereby subordinated to the indebtedness of Dealership to Hyundai Finance; and such indebtedness of Dealership to Guarantor is assigned to Hyundai Finance as security for this Guaranty and the indebtedness, and if Hyundai Finance so requests shall be collected, enforced and received by Guarantor as trustee for Hyundai Finance to be paid over to Hyundai Finance on account of the indebtedness of Dealership to Hyundai Finance but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty.

9. Guarantor shall furnish to Hyundai Finance such financial or other statements respecting the condition, operation and affairs of Guarantor or Guarantor's property as Hyundai Finance may from time to time reasonably require. Guarantor shall in any event furnish Hyundai Finance with such financial statements no less frequently than annually.

10. It is not necessary for Hyundai Finance to inquire into the powers of Dealership or the officers, directors, or agents acting or purporting to act in its behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder.

11. In the event that any action or proceeding is commenced by Hyundai Finance to enforce the terms and provisions of this Guaranty, Hyundai Finance shall receive from Guarantor all of its costs and expenses incurred in connection with such action or proceeding including its reasonable attorneys' fees and court costs. Each party hereby waives trial by jury in any such action or proceeding.

12. All of Hyundai Finance's rights and remedies are cumulative and those granted hereunder are in addition to any rights and remedies available to Hyundai Finance under law. If any provision of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Guaranty or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby, and each provision of this Guaranty shall be valid and enforceable to the full extent permitted by law. The failure or forbearance of Hyundai Finance to exercise any right hereunder or otherwise granted to it by law or another agreement shall not affect the obligations of Guarantor hereunder and shall not constitute a waiver of such right. This Guaranty contains the entire agreement between the parties, and no provision hereof may be waived, modified, or altered except by a writing executed by Guarantor and Hyundai Finance.

13. This Guaranty shall be governed by and construed in accordance with the laws of the state where the Dealership is located.

IN WITNESS WHEREOF the undersigned Guarantor has executed this Guaranty and affixed his signature this 21st day of December, 2007.

Guarantor:
Signature: _____
Name Printed: Dennis E. Hecker
Address: 500 Ford Road
Minneapolis, MN 55426

State of Minnesota ) 
                   ) ss.
County of Hennepin )

On 12/21/07, before me, Georgia M Eckhart, Notary Public, personally appeared Dennis E. Hecker, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

GEORGIA M. ECKHART
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2008

_____
Notary Public