UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 09-50779 |
| DENNIS E. HECKER, | Chapter 7 |
| Debtor. | |
| HYUNDAI CAPITAL AMERICA, | Adv. No. 09-05041 |
| Plaintiff, | |
| v. | |
| DENNIS E. HECKER, | |
| Defendant. | |

## HYUNDAI CAPITAL AMERICA'S OPPOSITION TO MOTION TO STAY

### INTRODUCTION

Debtor Dennis E. Hecker ("Hecker") moves to stay this adversary proceeding but, in contrast to much of the case law cited by Hecker in support of his motion, there is no pending criminal case or even an indictment. Hecker even concedes, "Debtor does not know the scope or extent of the grand jury's inquiry . . . ."[1] Based on this vague notion of potential criminal charges, Hecker seeks a stay of proceedings as to claims in the Adversary Complaint of Hyundai Capital America ("HCA"). Hecker seeks a stay of this proceeding pending the criminal investigation, whatever it may concern, and however long it may go.[2]

---

[1] Debtor's September 23, 2009, Notice of Hearing and Motion for Protective Order Relating to His 2004 Examination at ¶9 (Adv. Proc. Case No. 09-50779, ECF Docket No. 201).

[2] A grand jury can be convened for 18 months, possibly an additional 6 months on motion, and, if pursuant to another federal statute, extended beyond 24 months. 18 U.S.C. § 3331; Fed R. Crim. Pro. 6(g). Hecker gives no evidence of when this grand jury convened.

759980

Hecker's motion should be denied. Hecker's position is not supported by case law and it is not supported by the Federal Rules of Bankruptcy Procedure, which are to be construed "to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. Proc. 1001.

## FACTUAL BACKGROUND

On September 14, HCA filed its adversary complaint for determination of the nondischargeability of certain Hecker debts. HCA brings claims against Hecker under 11 U.S.C. §§ 523(a)(2)(B), (a)(6), and (a)(4) in connection with: (1) debts Hecker incurred in transactions with HCA between late 2007 and August 2008 and alleged false statements by Hecker in the context of obtaining credit from HCA, and (2) alleged misuse of HCA collateral (automobiles) and misappropriation of proceeds flowing from that collateral.

On October 7, Hecker moved for a protective order staying this adversary proceeding "pending the termination of grand jury proceedings and any proceedings arising out of any indictment the grand jury issues."[3] Hecker's Memorandum of Law states,

> [T]he United States Attorney for the District of Minnesota has convened a Grand Jury to determine whether to issue a criminal indictment against the Hecker [sic] based on allegations of wrongdoing involving Chrysler Financial Services Americas LLC ("Chrysler Financial"), Hecker's business operations, and Hecker generally . . . .[4]

The date the Grand Jury convened, its subject matter, its scope, and its duration, are unknown.

In connection with Hecker's motion for a protective order to stay 2004 examinations (Case 09-50779, ECF Dkt. # 201), Hecker filed and served the Declaration of William F. Mohrman and, attached thereto as Exhibit A, a July 30, 2009 subpoena issued by the United

---

[3] Debtor's Motion at ¶6. Local Rule 9013 requires that a movant shall serve and file an affidavit or verification of his motion if facts are at issue, but Hecker filed neither an affidavit nor provided verification of the motion in this proceeding.

[4] Debtor's Brief at 1.

2

States Attorney for the District of Minnesota for testimony and documents. The subpoena sought testimony and documents related to all aspects of Hecker's finances.

## ARGUMENT

Hecker effectively seeks a ruling that any debtor whose circumstances have attracted the attention of law enforcement should have bankruptcy proceedings stayed until "the coast is clear," whenever that might be. This is not, and cannot be, the law.[5]

A stay of a civil case is an extraordinary remedy.[6] The United States Supreme Court has made clear that a party seeking a stay bears the burden of making out "a clear case of hardship or inequity . . . if there is even a fair possibility that the stay . . . will work damage to someone else."[7] There is no constitutional bar to parallel criminal and civil proceedings.[8]

I.   **HECKER CANNOT MEET THE BURDEN OF PROOF JUSTIFYING A STAY.**

Rule 7026 puts the burden on Hecker to show "good cause" for a protective order to be issued. Hecker must come forward with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . ."[9] Hecker's motion simply raises speculative concern about a potential conflict between potential criminal proceedings based on an apparently broad Grand Jury investigation into Hecker's businesses.[10]

---

[5] *See Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998) ("*pre* indictment requests for a stay are generally denied"); *Ashworth v. Albers Medical, Inc.*, 299 F.R.D. 527, 533, n.4 (S.D.W.Va. 2005) ("An indefinite stay is an extreme measure which *Landis* [*v. North Am. Co.*, 299 U.S. 248 (1936)] strongly discourages").

[6] *Id.* at 526 (D.N.J. 1998) (citing *Weil v. Markowitz,* 829 F.2d 166, 174 n.17 (D.C. Cir. 1987)).

[7] *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

[8] *See S.E.C. v. Brown,* 2007 WL 4192000 (D. Minn. July 16, 2007); *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) ("[A] civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege").

[9] *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65).

[10] *See id.* ("[T]he mere 'say-so' of the claimant does not itself establish the hazard" (citing *Hoffman v. United States*, 341 U.S. 479 (1951)); *Koester v. American Republic Investments,*

3

Stays have been held not to be warranted prior to an indictment.[11] The existence of concurrent criminal prosecution would not necessarily require a stay of this adversary proceeding.[12]

By the same token, the specter of Hecker's "Hobson's choice," – supposedly forcing him to choose between invoking or waiving his Fifth Amendment right against self-incrimination as part of his defense in this civil proceeding – would not require a stay.[13] Indeed, none of the cases that Hecker cites actually support his position.[14]

---

*Inc.*, 11 F.3d 818, 823 (8th Cir. 1994) ("to warrant a stay, defendant must make *a strong showing* either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege or that the two trial will so overlap that effective defense of both is impossible" (emphasis added, citation omitted)); *S.E.C. v. Brown*, 2007 WL 4192000 (D.Minn. July 16, 2007); *cf. Bridgeport Harbour Place, LLC v. Ganim*, 269 F. Supp.2d 6 (D. Conn. 2002) (stay issued but criminal charges had been brought, criminal trial had been scheduled).

[11] See *S.E.C. v. Brown*, 2007 WL 4192000 (D. Minn. July 16, 2007).

[12] See *In re Hale*, 980 F.2d 1176 (8th Cir. 1992) (affirming bankruptcy court's denial of motion to stay pending outcome of related criminal investigation); *In re Good*, 131 B.R. 121, 125 (Bankr. N.D. Iowa, 1990) (citing *United States v. Kordel*, 397 U.S. 1 (1970)) (same).

[13] *S.E.C. v. Brown*, 2007 WL 4192000, *4 (D.Minn. July 16, 2007) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995); *Gellis v. Casey*, 338 F.Supp. 651 (S.D.N.Y. 1972)); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (same).

[14] In support of his claim, Hecker cites *Amsave Credit Corp. v. Marceca (In re Marceca)*, 131 B.R. 774 (S.D.N.Y. 1991) but, in that case, the court held, "a pre-indictment stay might be appropriate where both civil and criminal charges arise from the same remedial statute or the same factual transaction." *Id.* at 778. Here, however, Hecker seeks to impose a stay on any claims related to any transactions in which he was involved at any time. Hecker also cites *United States v. Certain Parcel of Land, Moultonboro*, 781 F.Supp. 830 (D. N.H. 1992) but fails to note that the case involved the federal government's parallel civil forfeiture and criminal proceeding. That is, the case presented the scenario of government lawyers pursuing two cases simultaneously, obtaining through the civil case what they would have been precluded from obtaining in the criminal case. *Id.* at 834; *see also Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) ("As stay of proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter and is even more appropriate when both actions are brought by the government" (internal citation omitted)); *United States v. Certain Real Property, Syosset, New York*, 751 F.Supp. 1060 (E.D.N.Y. 1989)(same). Again, the situation here is not analogous.

4

The central premise of Hecker's entire motion is an alleged but not inherent conflict between his exercise of his Fifth Amendment rights and his defense in this adversary proceeding.[15] Hecker has failed to make the case that there is any overlap of any kind between some non-existent criminal proceeding and this civil action.[16] More importantly, Hecker's suggestion that he would be forced to choose between protecting his civil interests in these bankruptcy proceedings and preserving his Fifth Amendment rights for a hypothetical criminal proceeding is not self-evident. In fact, the Eighth Circuit heard and rejected such claims in *In re Hale*, 980 F.2d 1176 (8th Cir. 1992). Here, as in *Hale*, Hecker is free to protect or further his interests in the bankruptcy court by choosing to testify or not. His testimony is neither compelled nor would his silence necessarily compromise his defense either in this proceeding or in his criminal case. Hecker has overstated the risk of an adverse inference drawn from his invocation of the Fifth Amendment in this adversary proceeding.[17]

The speculative potential of Hecker's invocation of the Fifth Amendment in this adversary proceeding simply does not amount to "good cause" for a protective order and Hecker has failed to meet his burden.

---

[15] *See* Debtor Brief at 8, 13.

[16] Magistrate Judge Mayeron, in *S.E.C. v. Brown*, 2007 WL 4192000 (D.Minn. July 16, 2007), reasoned,

> Here, however, there is no indictment and no information regarding the scope of the criminal investigation, and consequently, the extent of any overlap cannot be determined by the Court. Further, as criminal prosecution is conjectural at this juncture, there is no telling how much time will pass before an indictment is issued, or whether an indictment will ever be issued. The fact that no indictment has been issued in the present case, and the resulting difficulty in ascertaining whether the civil and criminal proceedings actually overlap, weighs against staying the civil proceedings.

[17] Hecker's mere silence, by itself, could not justify an adverse decision. "[S]ilence alone would be insufficient to support an adverse decision" against one who refuses to testify." *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 824 (8th Cir. 1993); *Pagel, Inc. v. Securities & Exchange Commission*, 803 F.2d 942, 946-47 (8th Cir.1986); *S.E.C. v. Comserv Corp.*, 698 F.Supp. 784 (D. Minn. 1988).

5

II.  **MULTI-FACTOR TESTS FAVOR DENIAL OF STAY.**

Hecker's Memorandum of Law analyzes his claim using both a five factor test[18] and a separate six factor test[19] but the two tests are overlapping. Both amount to a balancing of harms, first focusing on the parties, third parties, the court, and the public interest,[20] and analysis under either test fails to support a stay of this adversary proceeding.

Hecker concedes that HCA has a right and interest in the expeditious resolution of claims.[21] He also argues, however, that HCA "must show some unique harm" such as "the dissipation of assets or an attempt to gain an unfair advantage from the stay."[22] HCA has alleged exactly that. HCA has alleged that Hecker has been misappropriating and continues to misappropriate HCA collateral.

If this adversary proceeding is not stayed, the burden imposed on Hecker is vague, uncertain, and speculative because there are no pending criminal charges.

Hecker asserts that the third through fifth factors in the five-factor analysis "have limited applicability."[23] As to the convenience to this Court and case management, Hecker seeks to put a wrench in the gears and cause this proceeding to come to a screeching halt for an indefinite

---

[18] The test was used to analyze an analogous situation in *Fidelity National Title Ins. Co. of N.Y. v. National Title Resources Corp.*, 980 F. Supp. 1022 (D. Minn. 1997).

[19] Debtor Brief at 11 (citing *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998)).

[20] *Cf. Minnesota v. Deal*, 740 N.W.2d 755, 766 (Minn. 2007) ("To determine whether a stay is appropriate . . . a district court should balance the interests of 'litigants, nonparties, the public, and the court itself.'").

[21] Debtor Brief at 7.

[22] Debtor Brief at 13 (citing (*Walsh Securities Inc. v. Cristo Property Mgmt., Ltd.*, 7 F.Supp.2d 523 (D.N.J. 1998) and *In re Aldelphia Communications Securities Litigation*, 2003 WL 22358819, 4 (E.D.Pa. 2003)).

[23] Debtor Brief at 9.

6

amount of time.[24] This can hardly be convenient or assist in the management of this case. Hecker further speculates, "discovery in this Adversary Proceeding could impede the United States' criminal investigation."[25] However, this adversary proceeding could expedite that investigation or it could be wholly unrelated.

"Public interest," as this factor is considered in judicial opinions, is a malleable factor.[26] It is worth noting that Hecker relies at length in his memorandum on several cases in which the U.S. government sought to intervene to stay the civil cases.[27] In this case, there has been no such intervention by the U.S. Attorney. Presumably this signals the U.S. government's lack of interest in a stay, which could be the clearest expression of "the public interest" and, thus, the public interest factor, along with all of the others, weighs against a stay.

## CONCLUSION

Neither the case law nor the fair and just administration and adjudication of this case call for a stay based on the possibility of a criminal prosecution arising from a pending Grand Jury proceeding. Accordingly, Debtor Dennis E. Hecker has failed to make a proper showing of good

---

[24] "An indefinite stay is an extreme measure which *Landis* [*v. North Am. Co.*, 299 U.S. 248 (1936)] strongly discourages." *Ashworth v. Albers Medical, Inc.*, 299 F.R.D. 527, 533, n.4 (S.D.W.Va. 2005); *cf. Bridgeport Harbour Place, LLC v. Ganim*, 269 F. Supp.2d 6, 8-9 (D. Conn. 2002) (issuing stay where criminal trial was scheduled and civil stay was for "several month" postponement).

[25] Debtor's Brief at 10.

[26] For example, there is a public interest in promoting private enforcement of fraud claims, a public interest in the smooth and uninterrupted bankruptcy proceedings, a public interest in coordinated civil and criminal proceedings, and so on.

[27] *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527 (S.D. W.Va. 2005), *Bridgeport Harbour Place, LLC v. Ganim*, 269 F. Supp.2d 6 (D. Conn. 2002), and *White v. Mapco Gas Prods., Inc.*, 116 F.R.D. 498, 503 (E.D. Ark. 1987).

cause for imposing a stay in this case, his motion should be denied, and the Court should let HCA's adversary proceeding go forward.

Dated: October 16, 2009.  FAFINSKI MARK & JOHNSON, P.A.

                                        By: /s/ Seth J. Leventhal
                                              Connie A. Lahn (#0269219)
                                              David E. Runck (#0289954)
                                              Seth J. Leventhal (#263357)
                                        400 Flagship Corporate Center
                                        775 Prairie Center Drive
                                        Eden Prairie, Minnesota 55344
                                        Telephone:    952.995.9500
                                        Facsimile:    952.995.9577
                                        Connie.Lahn@fmjlaw.com
                                        David.Runck@fmjlaw.com
                                        Seth.Leventhal@fmjlaw.com

                                        ATTORNEYS FOR PLAINTIFF
                                        HYUNDAI CAPITAL AMERICA

759980

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 09-50779 |
| DENNIS E. HECKER, | Chapter 7 |
| Debtor. | |
| | |
| HYUNDAI CAPITAL AMERICA | |
| Plaintiff, | Adv. Pro. No. 09-05041 |
| v. | |
| DENNIS E. HECKER | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Sherri DeBettignies, hereby certifies that on October 16, 2009, I caused the following Hyundai Capital America's Opposition to Motion to Stay to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |

Dated: October 16, 2009         /e/ Sherri DeBettignies
                                 Legal Assistant
                                 Fafinski Mark & Johnson, P.A.
                                 400 Flagship Corporate Center
                                 775 Prairie Center Drive
                                 Eden Prairie, MN 55344
                                 Telephone: (952) 995-9500
                                 Fax: (952) 995-9577

763283-1