# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER**  Case No. 09-50779-RJK

Debtor.  Chapter 7

_____

**HYUNDAI CAPITAL AMERICA,**

ADV   Pro. No. 09-05041

Plaintiff,

vs.

**DENNIS E. HECKER,**

Defendant.
_____

# ANSWER
# AND DEMAND FOR JURY TRIAL
_____

Defendant Dennis E. Hecker ("Hecker" or "Defendant") for his Answer to the Complaint of the above named Plaintiff states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

1. Defendant denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless otherwise specifically admitted or answered herein.

2. In response to the unnumbered introductory paragraph, Defendant denies each and every factual allegation contained therein, is not required to admit or deny legal conclusions but denies the same, and puts Plaintiff to its strict burden of proof thereof.

1

Defendant affirmatively states that at all material times, Plaintiff was informed up-front of the pre-existing relationship between Defendant and his companies with Chrysler Financial Services Americas, LLC ("Chrysler Financial"), and that Plaintiff had unhindered access to obtain financial information and documentation directly from Chrysler Financial.

In fact, Plaintiff entered into an inner creditor agreement directly with Chrysler Financial when it provided the initial fleeting financing referenced in paragraph 8, which by necessity would have disclosed the collateral and security positions of Chrysler Financial and provided Plaintiff with an opportunity to review all outstanding loan documentation before it extended credit to Defendant and his entities late 2007 onward.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 and denies the same.

4. Defendant admits the allegations found in paragraph 2.

5. In response to the allegations contained in paragraphs 3, 4, and 5, Defendant is not required to admit or deny legal conclusions and, therefore, denies the same, and puts Plaintiff to its strict burden of proof thereof.

6. In response to the allegations contained in paragraph 6, Defendant admits the first sentence, and qualifiedly admits the second paragraph since he is without documentation to admit or deny the same, but believes said allegations to be true.

7. In response to the allegations contained in paragraph 7, Defendant qualifiedly admits that the relationship was initiated with Hyundai Motor Finance Company ("HMFC"), which became Hyundai Capital America ("HCA") on or about May 15, 2009.

8. In response to the allegations contained in paragraphs 8 and 9, Defendant refers Plaintiff to the loan documentation that is referenced which speaks for itself and to the extent said allegations are inconsistent or contradict the same, deny said allegations and put Plaintiff to its strict burden of proof thereof.

9. In response to paragraph 10 of the Complaint, Defendant qualifiedly admits that he informed HMFC that Chrysler Financial was withdrawing from fleet financing and that he needed an alternative lender to replace Chrysler Financial in the near future.

10. In response to the allegations contained in paragraph 11, Defendant is unable to admit or deny the allegations contained therein relating to Plaintiff's underwriting concerns or internal policies at the time and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof.

11. The documents referenced in paragraphs 12 and 13 speak for themselves. Defendant affirmatively alleges that to his best knowledge, said financial statement was properly prepared based upon best available information and in accordance with standard business practices, which was always his intention and understanding. Defendant reasonably relied upon his certified public accountants to properly prepare his financial statements. Moreover, at all relevant times, Defendant provided authority to Plaintiff to speak directly to his accountants and other third parties regarding his finances.

12. Defendant is unable to admit or deny the allegations contained in paragraph 14, and therefore deny the same and put Plaintiff to its strict burden of proof thereof.

13. In response to the allegations contained in paragraph 15, Defendant states

that the referenced documents speak for themselves and to the extent the allegations contradict or are otherwise inconsistent with the same, denies the same and puts Plaintiff to its strict burden of proof thereof.

14. Defendant denies the allegations contained in paragraph 16, incorporates by reference all prior paragraphs, and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively states that at all material times, Plaintiff was informed up-front of the pre-existing relationship between Defendant and his companies with Chrysler Financial, and that Plaintiff had unhindered access to obtain financial information and documentation directly from Chrysler Financial. Defendant also informed Plaintiff that he had provided a personal guaranty to Chrysler Financial, as he had provided to Plaintiff.

15. Defendant denies the allegations contained in paragraph 17 and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that to his best knowledge, said financial statement was properly prepared based upon best available information and in accordance with standard business practices, which was always his intention and understanding. Defendant reasonably relied upon his certified public accountants to properly prepare his financial statements. Moreover, at all relevant times, Defendant provided authority to Plaintiff to speak directly to his accountants and other third parties regarding his financial statement provided. Additionally, Defendant incorporates by reference all prior allegations.

16. In response to the allegations contained in paragraph 18, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof. Moreover, Defendant affirmatively alleges that Plaintiff had a long-standing business relationship (in excess of

ten) years with Hecker (see paragraph 6 of Complaint) and that Plaintiff was fully aware that Defendant had outstanding personal guarantees, as previously stated herein; therefore, Plaintiff had actual knowledge.

17. In response to the allegations contained in paragraph 19, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that to his best knowledge, said financial statement was properly prepared based upon best available information and in accordance with standard business practices, which was always his intention and understanding. Defendant reasonably relied upon his certified public accountants to properly prepare his financial statements. Moreover, at all relevant times, Defendant provided authority to Plaintiff to speak directly to his accountants and other third parties regarding his financial statement provided. Additionally, Defendant affirmatively alleges that the referenced mortgages in paragraphs b and c of said paragraph were at all times of public record as filed mortgages.

18. Defendant denies the allegations found in paragraph 20 and puts Plaintiff to its strict burden of proof. All prior paragraphs are incorporated herein by reference. Defendant affirmatively alleges that at all relevant times Plaintiff had the ability to access directly from Chrysler Financial all loan documents and referenced agreements.

19. Defendant qualifiedly admits the allegations contained in paragraph 21, and affirmatively states that due directly to unexpected market conditions and their impact on the automotive industry coupled with unilateral changes made by certain lenders in their terms and conditions, Defendant's businesses were unable to meet their payment obligations owing to Plaintiff.

20. In response to the allegations contained in paragraphs 22, 23, 24, 25 and

26, Defendant refers Plaintiff to the referenced bankruptcy filings in case no. 08-46367 filed in the U.S. Bankruptcy Court, District Court of Minnesota, for the identity of the parties that filed for bankruptcy protection, the dates referenced therein, various pleadings filed, the exact language of Orders of the Bankruptcy Court, and other filings. To the extent said allegations are inconsistent with the same, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof.

21. In response to the allegations contained in paragraphs 27 and 28, Defendant qualifiedly admits to entering into a Voluntary Surrender Agreement; however, Plaintiff allowed Defendant to retain the vehicles while the parties attempted to negotiate an agreement. Defendant provided Plaintiff with nearly daily communications and at all times retained said vehicles with the full knowledge and consent of Plaintiff.

22. Defendant denies the allegations contained in paragraphs 29, 30, 31, 32, 33, 34, 35, and 36, puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations.

23. In response to the allegations contained in paragraph 37 of the Complaint, Defendant is unable to admit or deny the same and puts Plaintiff to its strict burden of proof thereof. Defendant affirmatively alleges that he is entitled to a detailed accounting relative to the value of collateral, as set forth in his prayer for relief.

24. Defendant restates and realleges all prior paragraphs in response to paragraph 38.

25. Defendant denies the allegations contained in paragraphs 39, 40, 41, 42, 43 and 44, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

26. Defendant restates and realleges all prior paragraphs in response to paragraph 45.

27. Defendant denies the allegations contained in paragraphs 46, 47, 48, 49 and 50, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

28. Defendant restates and realleges all prior paragraphs in response to paragraph 51.

29. Defendant denies the allegations contained in paragraph 52, and puts Plaintiff to its strict burden of proof thereof.

30. In response to the allegations contained in paragraphs 53, 54 and 55, Defendant refers Plaintiff to the referenced documents, and to the extent said allegations contradict or are inconsistent with the same, denies said allegations and puts Plaintiff to its strict burden of proof thereof. Defendant is not required to admit or deny the legal conclusions contained therein and, therefore, denies them and puts Plaintiff to its strict burden of proof thereof.

31. Defendant denies the allegations contained in paragraphs 56 and 57, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

## AFFIRMATIVE DEFENSES

**WHEREFORE**, Defendant incorporates herein all prior paragraphs and affirmatively alleges the following additional affirmative defenses:

1. Plaintiff's Complaint fails to sate a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or part, by the equitable doctrine

of estoppel, waiver, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of risk and / or contributory negligence.

5. Plaintiff's Complaint is barred, in whole or part, by its failure to properly plead with the requisite specificity the alleged fraud and other alleged intentional wrongdoing, as required by F.R.C.P. 9(b). To assert "upon information and belief" in numerous paragraphs is insufficient.

6. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared on his behalf. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

7. Plaintiff's Complaint is barred, in whole or part, by payment and /or the value of collateral securing payment that was obtained by Plaintiff, which should be credited against all amounts due and owing.

8. Plaintiff's Complaint is barred, in whole or part, by the failure of consideration.

9. Plaintiff's Complaint is barred, in whole or part, by the Statute of Frauds.

10. Plaintiff's Complaint is barred, in whole or part, by its own knowledge

and information conveyed by Defendant relative to his finances and business operations including, but not limited to, relationships with Chrysler Financial and other creditors. Defendant informed Plaintiff that he had provided his personal guaranty to Chrysler Financial and others, as he had for Plaintiff. In fact, Plaintiff at all relevant times prior to extending credit to Defendant and his companies had an opportunity to directly obtain and review all outstanding loan documentation and security interests, as well as guarantees, running in favor of Chrysler Financial.

11. Plaintiff's Complaint is barred, in whole or part, by the doctrine of *in pari delicto.*

12. Defendant reserves the right to interpose additional affirmative defenses as discovery is undertaken in this matter.

## JURY TRIAL DEMAND

Defendant Hecker demands a jury trial on all issues, if any, triable to a jury.

**WHEREFORE,** Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant be awarded his attorney's fees and costs incurred in defending this action. Hecker further prays that he be provided with a detailed accounting from Plaintiff showing indebtedness by dealership, loan(s) outstanding, and credits for action taken against collateral, as well as a disclosure of un-liquidated collateral retained, if any .

Dated: October 28, 2009                    **SKOLNICK & SHIFF, P.A.**


                                           /e/ LuAnn M. Petricka
                                           William R. Skolnick #137182
                                           LuAnn M. Petricka #18505X
                                           527 Marquette Avenue South, #2100
                                           Minneapolis, MN 55402
                                           (612) 677-7600
                                           wskolnick@skolnick-shiff.com
                                           petricka@visi.com
                                           **ATTORNEYS FOR DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker     BKY No. 09-50779 RJK

        Debtor.

Hyundai Capital America,

        Plaintiff,

Adversary No. 09-05041

v.

Dennis E. Hecker,

        Defendant.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 28, 2009, I caused the following **ANSWER** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Seth Leventhal | seth.leventhal@fmjlaw.com |

Dated: October 28, 2009          **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR DENNIS E. HECKER**