**UNITES STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In re:**

**DENNIS E. HECKER** — **Case No. 09-50779-RJK**

**Debtor.** — **Chapter 7**

---

**HYUNDAI CAPITAL AMERICA,** — **ADV Pro. No. 09-05041**

**Plaintiff**

**vs.**

**DENNIS E. HECKER**

**Defendant.**

---

# HECKER'S MEMORANDUM OF LAW OPPOSING BOWSER'S REQUEST FOR A PROTECTIVE ORDER

---

## INTRODUCTION

As a preliminary matter, Ms. Cynthia Bowser ("Bowser") incorrectly provides a consolidated case caption with the above caption combined with that for Chrysler Financial Services, LLC, (hereinafter "Chrysler"). Accordingly, Defendant will file a memorandum in both the above action and the Chrysler action, which are each separate and independent actions. Ms. Bowser attempts to stop her duly noted deposition in a separate action involving Hyundai, as well as the continuation of her deposition in the Chrysler matter. These are actually two separate motions.

The pending motion for a protective order brought by Ms. Bowser fails to recognize the following material facts that arose since the taking of her deposition, which was taken by Plaintiff Chrysler:

1. Unknown to Defendant until reviewing the stolen emails (they were in fact taken without permission by Ms. Bowser and misappropriated), which was discovered after Ms. Bower's deposition, there exist numerous email communications involving Hyundai, as well as the other adversarial Plaintiffs. Therefore, Defendant did not have a complete and fair opportunity to depose her in either the above action or any other case. Moreover, Ms. Bowser never disclosed that in July 2009 she gave her laptop to Chrysler's investigators to copy all of the emails including privileged emails.

2. <u>The deposition of Ms. Bowser was previously noted in the Chrysler matter ONLY</u> and not any of the other twelve pending adversarial matters, which alone seek the non-dischargeability of another $81,434,550.00 in addition to the $83,070,987.00 sought by Chrysler, thereby demonstrating the gravity of the situation for Mr. Hecker and the importance of being able to conduct discovery.

3. As argued and set forth in Defendant's memorandum opposing Chrysler's separate motion for a protective order, each of the adversarial proceedings represents a separate and distinct legal action for which there are various allegations of fraud and fraudulent conduct. The Court issued separate Orders for Trial, which include different scheduling deadlines. THE THIRTEEN INDIVIDUAL ADVERSARIAL CASES ARE NOT CONSOLIDATED.

4. The distinct and separate nature of the adversarial cases requires that discovery be conducted in each of the proceedings. In fact, Hyundai recently served nine subpoenas – one of which is on Chrysler generally, thereby evidencing the fact that while separate, there exists an unavoidable overlap of critical facts.

5. That Defendant in response to Hyundai's above discovery noted the depositions of Ms.

Bowers, and others, in that separate action. Contrary to what Bower's counsel may have learned from Chrysler's attorneys, Defendant is conducting discovery in good faith and there exists absolutely no evidence to the contrary.

6. Aside from Ms. Bowser not wanting to be inconvenienced by being deposed in the Hyundai action (after testifying that she has information and documents relative to this separate entity) Ms. Bowser fails to set forth any legal precedent or authority that would prevent her deposition in another separate case, which seeks non-dischargeability of over $20,000,000.00.

7. Ms. Bowser's own counsel in his memorandum attempts to place Mr. Hecker in a bad light and goes onward to argue that Ms. Bowser is being punished for: "… maintaining and providing evidence of Hecker's fraudulent activities." See page 2 of Bowser Memorandum. This overly broad statement acknowledges that Ms. Bowser has relevant information, which is NOT limited to Chrysler. Suffice it to say, Ms. Bowser now wishes to protect her Fifth Amendment rights against self incrimination.

## RELEVANT MATERIAL FACTS

### A. Defendant's former employee and Executive Assistant, Ms. Bowser, stole emails containing privileged communications and voluntarily provided them to Chrysler.

During the summer or Fall of 2008, Ms. Cindy Bowser, Mr. Hecker's Executive Assistant, began systematically duplicating and redirecting Mr. Hecker's email communications into a file for her own use. (See Bowser Depo. at 138–39). (See Niergarden Decl. Ex. 5 containing the entirety of Ms. Bower's deposition transcript "Bowser Depo.") Ms. Bowser misappropriated numerous email communications, along with their attached documents. (Bowser Depo. at 118). She copied these communications without regard for whether they were subject to the attorney-client privilege, or otherwise confidential. (Id. at 119–20). Ms. Bowser

copied these emails and documents for her own future benefit. (Id. at 107).

Ms. Bowser was never authorized by Mr. Hecker, or anyone representing him, to take his attorney-client privileged communications. (Id. at 131). Nor was she ever authorized to provide these records to any third parties. Yet, prior to the end of her employment with Mr. Hecker, Ms. Bowser transferred all of the emails and documents she had misappropriated from her work computer to her own flash drive. (Id. at 131, 120–21). She then transferred the files on the flash drive to her personal laptop. (Id. at 148). Despite no longer being an employee, and never having the authority to do so, Ms. Bowser maintained these files on her personal computer. (Bowser Depo. at 107). Attached to the Affidavit of William R. Skolnick as Exhibit 1 is the email requiring her to return her laptop, USB wireless card and ANY OTHER COMPANY ASSETS to her employer. Ms. Bowser kept these items in her possession after she quit.

These are the emails that Bowser gave to Chrysler through its investigator, Brian Bauer of Phenix Investigations BEFORE any subpoena was issued in September 2009. Accordingly, it remains undisputed that contrary to declarations under oath by Chrysler and its investigator - - there was an ongoing dialogue between authorized agents of Chrysler and Ms. Bowser. In fact, the dialogue between Chrysler, its attorneys, its investigator and Bowser continued from July 2009 through her deposition date. On September 2, 2009, Bauer advises Bowser about how long the deposition will take and her helping Chrysler meet with Molly Kaplan and Sue Miller. (See Affidavit of William R. Skolnick, Exhibit 2). Bauer actually apologizes for sending her so many emails and text messages. These emails and text messages were not produced by Chrysler nor Ms. Bowser. These facts are critical since Chrysler has made entirely different representations to this Court in response to Defendant's motion to disqualify counsel. Chrysler knew that Ms.Bowser was contemplating writing a book about Mr. Hecker and had even consulted a

lawyer. (See Affidavit of William R. Skolnick, Exhibit 3).

**B. It is undisputed that Chrysler had emails from Bowser months before it issued its subpoena.**

As established in Chrysler's motion to quash the depositions of Chyrsler's investigator, Chrysler's agent obtained the stolen emails from Ms. Bowser in July 2009. What Defendant was not aware of nor was it disclosed by Chrysler is that Chrysler had already copied the emails that Ms. Bowser had back in July when its investigator, Brian Bauer obtained them and continued to receive detailed explanations of the emails from Ms. Bowser. Defendant learned these facts ONLY after reviewing the various stolen emails, which was months after Chrysler noted the deposition of Bowser against the objections of Defendant's counsel.

Defendant became aware of a subpoena duces tucem from Chrysler being served upon Ms. Bowse. Ms. Bowser purportedly produced her laptop to Chrysler with instructions how to copy all of the emails and documents she had stolen. (Id. at 106). She produced all of these documents without regard to whether they were subject to the attorney-client privilege. (Id. at 131). In arranging for the production of these documents, Chrysler's counsel, Mr. Nierengarten, contacted Ms. Bowser, but failed to inform her that she should not produce privileged documents. (Id. at 101–02). Thus, it is undisputed and the record is clear that Chrysler and its attorneys did not act properly or ethically in the handling of these stolen emails. (See Defendant's moving papers in support of motion to disqualify Chrysler counsel)

**B. Chrysler's Investigator clearly received and read emails Bowser took from her former employer, which facts were purposefully hidden by Bowser in her earlier deposition.**

AFTER deposing Ms. Bower, Defendant has learned critical facts relative to Ms. Bowser's involvement in providing these documents to Chrysler in advance of its court issued subpoena. Defendant has already established that both Chrysler and its investigator, Mr. Bauer,

have reviewed the subject emails, despite their Declarations stating otherwise. See Submitted Bauer/Phenix/Bowser emails provided Opposition to Plaintiff's first motion for protective order.

Defendant has not had an opportunity to complete its deposition of Ms. Bowser and the documents she came to possess that all rightfully belong to Defendant NOT Ms. Bowser.

**C. Bowser has important relevant information relative to Hyundai and other entities that are pursing Mr. Hecker**.

A review of Ms. Bower's deposition that was taken by Chrysler, contains numerous references to documents she possesses relative to Hyundai, as evidenced by the following deposition excerpts:

> Q: When you – so you had all of these documents that have been marked as Exhibits 2 through 11 in a separate folder in your file cabinet in the area that you and Molly worked at, correct?
>
> A: Correct.
>
> Q: Was there a label on that folder?
>
> A: It just said Hyundai.
>
> * * *
>
> Q: And you informed Ms. Kaplan that you were doing this?
>
> A: She knew I had the files, the Hyundai files.
>
> * * *
>
> Q: First of all, what types of information, including documents, are contained in the Gmail folder that you maintain on your laptop?
>
> A: A lot of – a variety of Hyundai information, just things that I thought to myself that, obviously, this is – something is not right here, and so I hung onto it.

See Bowser Depo at 109, 110 and 113. There is no "thorough examination" by Defendant's counsel of the facts claimed by Hyundai in its separation action.

Without the benefit of the stolen emails, Defendant's counsel was unable to engage in the necessary follow up questions relative to the Hyundai documents at the time of the deposition of

Ms. Bower noted by Plaintiff (not Defendant).

**D. Each of the adversarial cases are separate proceedings involving different parties EACH with their own Trial Orders, trial dates and separate scheduling dates.**

Ms. Bowser's argument as it relates to being deposed in an entirely different adversarial proceeding fails to consider the following critical facts:

1) **The Hyundai adversarial proceeding goes to trial before Chrysler's case** on February 8, 2010, thereby necessitating discovery sooner rather than later. As stated above, Hyundai has begun aggressively engaging in discovery, as evidenced by the nine outstanding subpoenas it served out;

2) Each and every one of the other adversarial matters has its own Trial Order, which contains various scheduling dates, <u>as determined by the Court</u>;

3) The Hyundai adversarial proceeding involves an overlap of facts involved in the Chrysler matter;

4) That each and every one of the pending adversarial proceedings are unique and name the same Defendant, wherein different employees will have different relevant information for each;

5) There exists nothing in the Rules that limit the ability of a Defendant to note the deposition of the witness in unrelated cases involving different parties and different facts; and

6) The Rules do not protect a deponent from having her deposition re-noted when she was less than forthright in her duly noted deposition.

**<u>LEGAL ARUGMENT</u>**

The Federal Rules of Civil Procedure, which are incorporated by reference in the Bankruptcy Rules, allow for Defendant to engage in the following discovery:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identify and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. (emphasis added)

Fed.R.Civ.P. 26 (b).

The Rule cited by Ms. Bowser does NOT include limiting discovery in an entirely separate proceeding. Fed.R.Civ.P. 26 (c).

Rule 30(d)(1) addresses time limitations in a proceeding - - not proceedings; therefore, this Rule standing alone does not insulate Ms. Bowser from being subpoenaed in an entirely separate adversarial proceeding to provide testimony in that proceeding. Defendant did not violate this Rule by noting her deposition in the Hyundai action.

Moreover, the Advisory Committee Notes to the Rule 26 allow the Court to provide relief to the other side when confronted with a motion for a protective order that is denied. "When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery." See Notes to Subdivision C-Protective Orders.

Defendant relies upon the following portion of Rule 30(d)(1) for its position:

> (1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination.

Fed.R.Civ.P. 30(d)(1) (emphasis added).

Ms. Bowser was not forthcoming during her deposition noted by Chrysler with her actual communications and disclosures to Chrysler and its investigators. Nor has Ms. Bowser allowed Defendant the same or similar access to its own documents, until Defendant's counsel

made its recent demands.  Ms. Bowser represents a critical witness since she represents a 5 ½ year former executive employee of Defendant who was privy to his day to day business activities.  These activities were certainly not limited to Chrysler transactions.

Ms. Bowser does not cite to any legal authority in support of her motion to not be deposed in the Hyundai matter and to not have her deposition continued by necessity in the Chrysler action.

Ms. Bowser is not entitled to the relief sought in her pending motion.  Defendant Hecker is entitled to engage in discovery as he deems appropriate and should not be limited as Chrysler or Ms. Bowser deems appropriate. Ms. Bowser has failed to meet any of the threshold requirements for a protective order.  The discovery sought is not unreasonably cumulative or duplicative.  Nor can it be obtained from some other source that is more convenient, less burdensome or less expensive.  Defendant has not had amply opportunity to obtain the information by discovery in this action.  This is again due mainly to Chrysler's own attorneys' doing, as well as that of Ms. Bowser, and not that of Defendant.  The enormity of the amount in controversy weighs in favor of allowing Defendant to engage in needed discovery.  Not one of these elements have been established in support of  Ms. Bowser's motion.  See Fed.R.Civ.P. (b)(2)(c).

Ms. Bowser has not meet her burden of proof of establishing "good cause" in order to be granted a protective order.  There is no proof of bad faith on the part of Defendant.

Ms. Bowser's red herring argument relating to Fifth Amendment issues is NOT a basis in which to obtain a protective order.  Her counsel can duly note objections, if necessary, on her behalf at her deposition.  The situation Ms. Bowser finds herself in is of her own doing.  No one asked her to steal Defendant's emails and distribute them without regard to the legal

consequences of doing so. Defendant is entitled to engage in discovery as he deems appropriate, and Ms. Bowser represents a critical fact witness in the various adversarial actions against Mr. Hecker.

## CONCLUSION

Based on the forgoing, the motion of Ms. Bowser for a protective order should be denied in its entirety. Instead, the Court should order Ms. Bowser to appear for her duly noted deposition in the Hyundai matter and to be available for the necessary continuation of her deposition in the Chrysler matter under the circumstances.

Respectfully Submitted,

Dated: November 24, 2009

**SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick

William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

ATTORNEYS FOR DENNIS E. HECKER

**UNITES STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In re:**

**DENNIS E. HECKER** — **Case No. 09-50779-RJK**

**Debtor.** — **Chapter 7**

---

**HYUNDAI CAPITAL AMERICA,** — **ADV Pro. No. 09-05041**

**Plaintiff,**

**vs.**

**DENNIS E. HECKER**

**Defendant.**

---

## AFFIDAVIT OF WILLIAM R. SKOLNICK

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

William R. Skolnick hereby deposes as follows:

1. That I am the attorney of record for Defendant Dennis E. Hecker ("Hecker"), and am providing this Affidavit concurrently with Hecker's Memorandum of Law Opposing Browser's Request for a Protective Order. The facts contained herein are based on my personal knowledge.

2. That attached hereto are true and accurate reproductions of the following referenced Exhibits in Hecker's Memorandum:

| | |
|---|---|
| Exhibit 1 | Email communications between Cindy Bowser, Molly M. Kaplan and Donna C. Rizner dated May 13, 2009 |

| | |
|---|---|
| Exhibit 2 | Email communication between Cindy Bowser and Brian Bauer, Chrysler's investigator dated September 2, 2009. |
| Exhibit 3 | Email communication between Cindy Bowers and Kcelestebryan@aol.com re: Potential Book dated August 11, 2009 |

FURTHER YOUR AFFIANT SAITH NOT.

_______________________
William R. Skolnick

Sworn and subscribed to before me
A Notary Public this 24th day of
November 2009.

_______________________
[Notary Public]

LUANN M. PETRICKA
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

**From:** Donna C. Rizner<DRizner@dennyhecker.com>
**To:** Cindy Bowser <bowsercindy@gmail.com>
**CC:** Molly M. Kaplan <MKaplan@dennyhecker.com>
**Sent:** 5/13/2009 2:15:11 PM
**Subject:** RE: Good morning sunshine!
**Attachments:** image001.gif

PS: Can you also bring the laptop, USB internet wireless card and any other company assets back with you as well? Also, are you keeping your cell number and do you need anything from us to move it to a personal account? Just cleaning up the loose ends! Thanks again!

J

**Donna Rizner**
**Project Management**
**Denny Hecker's Automotive Group**
**500 Ford Road**
**Minneapolis, Minnesota 55426**
**952-512-8914**
**612-720-9801 cell**
**952-512-8934 fax**
**drizner@dennyhecker.com**

**From:** Cindy Bowser [mailto:bowsercindy@gmail.com]
**Sent:** Wednesday, May 13, 2009 8:05 AM
**To:** Donna C. Rizner
**Subject:** Re: Good morning sunshine!

Hi there! :) I am so sorry I didn't drop it off earlier. We are traveling back from Florida today and I will have it dropped off at the office today. It may be later afternoon, early evening. If that's okay?

I hope you're doing well! I miss you guys!

Cindy

On May 12, 2009, at 8:10 AM, Donna C. Rizner wrote:

I hope I find you well and resting! I have been charged with gathering demo's and you are on my list! I didn't know if you and Denny had a special arrangement or if we can come and get the car. Let me know and we'll get it taken care of...thanks much and I hope to see you soon!

<image001.jpg>

**Donna Rizner**
**Project Management**
**Denny Hecker's Automotive Group**
**500 Ford Road**
**Minneapolis, Minnesota 55426**
**952-512-8914**
**612-720-9801 cell**
**952-512-8934 fax**
**drizner@dennyhecker.com**
<image002.gif>

**From:** Cindy Bowser<bowsercindy@gmail.com>
**To:** Brian Bauer <bbauer@phenixinvestigations.com>
**Sent:** 9/2/2009 12:17:58 PM
**Subject:** Re: Depo

Hi Brian! I did call and try and change my appointment. He's booked up for the 11th so I can't change it for later in the day. I asked about moving it to Thursday the 10th and apparently that is his surgery day so he doesn't take appointments on Thursday's. Is there anyway we could start the depo at 8:00am? Or do you think if we start at 9 and finish by 11:00am, it would still cut it too close?

On Sep 2, 2009, at 8:20 AM, Brian Bauer wrote:

Cindy,

I am guessing the depo will take more than a few hours to get it all out. Is there a way you can reschedule the appointment for the day before. I am in Brazil now and the phones are super expensive. Sorry for all the emails and texting. I can talk to you about Sue and Molly when I get back on Tuesday. Let me know your thoughts for the 11th as they want to get paperwork out today. Take care...

Regards,
Brian

EXHIBIT
2

**From:** Cindy Bowser<bowsercindy@gmail.com>
**To:** Kcelestebryan@aol.com <Kcelestebryan@aol.com>
**Sent:** 8/11/2009 12:45:34 PM
**Subject:** Potential book

Hi Kathy! I just got off the phone with Robyn Bright, she's so sweet! She keeps asking me why I have contacted you yet about a potential book on Denny Hecker and all his shenanigans. We just hung up and I told her I would send you an email now.

I was Denny's personal assistant for 5 1/2 years. I'm not sure if this is something I should do? I did talk to an attorney and he said if I could get myself protected from any lawsuits, as I'm sure Denny would come after me. Or if I could even remain anonymous if this was something that would be of interest to write?

If you want to contact me by phone, my number is: 612-386-0114.

Thank you!
Cindy
<?xml version="1.0" encoding="UTF-8"?>
<!DOCTYPE plist PUBLIC "-//Apple//DTD PLIST 1.0//EN" "http://www.apple.com/DTDs/PropertyList-1.0.dtd">
<plist version="1.0">
<dict>
<key>date-sent</key>
<real>1250012734</real>
<key>flags</key>
<integer>8623750145</integer>
<key>original-mailbox</key>
<string>imap://bowsercindy@imap.gmail.com/%5BGmail%5D/All%20Mail</string>
<key>remote-id</key>
<string>68174</string>
<key>subject</key>
<string>Potential book</string>
</dict>
</plist>

EXHIBIT
3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker — BKY No. 09-50779 RJK

Debtor.

---

Hyundai Capital America,

Plaintiff,

v. — Adversary No. 09-05041

Dennis E. Hecker,

Defendant.

---

## CERTIFICATE OF SERVICE

---

**I HEREBY CERTIFY** that on November 24, 2009, I caused the following:
**HECKER'S MEMORANDUM OF LAW OPPOSING BOWSER'S REQUEST FOR A PROTECTIVE ORDER ;AFFIDAVIT OF WILLIAM R. SKOLNICK**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Seth Leventhal | seth.leventhal@fmjlaw.com |

Dated: November 24, 2009

**SKOLNICK & SHIFF, P.A.**
/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR DENNIS E. HECKER**