## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | Case No. 09-50779-RJK |
| | Chapter 7 |
| Dennis E. Hecker, | |
| Debtor. | |

_____

| | |
|---|---|
| Hyundai Capital America, | ADV Pro. No. 09-05041 |
| Plaintiff, | |
| | **INTERESTED PARTY RIVERWOOD** |
| | **BANK'S MOTION TO QUASH SUBPOENA** |
| vs. | |
| Dennis E. Hecker, | |
| Defendant. | |

_____

TO: Defendant Dennis E. Hecker, through his counsel William R. Skolnick, Esq., Skolnick & Shiff, P.A., 2100 Rand Tower, 527 Marquette Avenue South, Minneapolis, Minnesota 55402-1308; and Plaintiff Hyundai Capital America, through its counsel, Edwin H. Caldie, Fafinski Mark & Johnson, P.A., 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344.

    1.    Witness RiverWood Bank, by and through its undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this Motion at 2:00 pm on January 6, 2010, before the Honorable Robert J. Kressel in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota.

3. Pursuant to Local Rule 9006-1(c), any response to this motion must be filed and served not later than December 31, 2009, which is three days prior to the time set for hearing exclusive of Saturdays, Sundays and legal holidays; or filed and served by mail not later than December 24, 2009, which is seven days prior to the time set for hearing exclusive of Saturdays, Sundays and legal holidays. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This Motion arises under Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure, and the respective corresponding Rules 26 and 45 of the Federal Rules of Civil Procedure.

6. RiverWood Bank moves the Court for an Order quashing the subpoena requiring it to produce documents. This Motion is based on the facts and law set forth in the supporting affidavit of counsel.

7. RiverWood Bank attempted in good faith to confer with counsel for Plaintiff in an effort to resolve this dispute without court action.

WHEREFORE, RiverWood Bank respectfully requests that this Court grant the Motion and enter an Order quashing the subpoena of RiverWood Bank. In the alternative, RiverWood requests the Court issue an Order requiring that Plaintiff alleviate the undue burden and expense of complying with the subpoena in advance of compliance.

Dated: December 7, 2009         GAMMELLO, QUALLEY & PEARSON, PLLC

By:   /e/STEVEN R. QUALLEY
      _____
      Steven R. Qualley(#240370)
      Thomas C. Pearson (#260071)
      James R. Gammello (#140144)

      14275 Golf Course Drive, Suite 200
      Baxter, MN  56425
      (218) 828-9511
      Fax:  (218) 824-8545

      ATTORNEYS FOR RIVERWOOD BANK

w:\text\2009\021.009 bkcy&adv clm\bankruptcy documents\riverwood motion to quash.doc

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 09-50779-RJK<br>Chapter 7 |
| Dennis E. Hecker, | |
| Debtor. | |

| | |
|---|---|
| Hyundai Capital America, | ADV Pro. No. 09-05041 |
| Plaintiff, | |
| vs. | |
| Dennis E. Hecker, | |
| Defendant. | |

**AFFIDAVIT OF THOMAS C. PEARSON**

Your Affiant, Thomas C. Pearson, deposes and states:

1. I am an attorney with the law firm of Gammello, Qualley & Pearson, PLLC. I represent RiverWood Bank in connection with a subpoena it received from Plaintiff for production of documents. The subpoena requests extensive documentation from my client's files, which will result in the Bank incurring substantial expense to comply with the subpoena demand. In addition, Plaintiff has demanded in the subpoena that said documents called for in the subpoena be produced to its attorney's office address in Eden Prairie, which is in excess of 100 miles away from RiverWood Bank, located in Baxter, Minnesota.

2. Pursuant to Rule 45, Federal Rules of Civil Procedure, on December 4, 2009, and, again on December 7, 2009, I advised Plaintiff of my client's objection to the subpoena and that Plaintiff needed to make appropriate financial arrangements to alleviate the undue burden and expense on the Bank of complying with the subpoena demand. At the service and filing of this Motion, Plaintiff's counsel has not responded to the proper objection made under Rule 45 with respect to this issue. Although I have attempted to confer with Plaintiff's counsel on this matter, Plaintiff's counsel has not responded, forcing the Bank to move to quash the subpoena because of the undue burden and expense of complying with it.

3. Attached to this Affidavit as Exhibit 1, is a true and accurate copy of the subpoena in this matter.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 7 day of December, 2009.

_____
Thomas C. Pearson

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 09-50779 |
| DENNIS E. HECKER, | Chapter 7 |
|     Debtor. | |

| | |
|---|---|
| HYUNDAI CAPITAL AMERICA, | Adv. No. 09-05041 |
|     Plaintiff, | |
| v. | |
| DENNIS E. HECKER, | |
|     Defendant. | |

## NOTICE OF SUBPOENA *DUCES TECUM*

TO: DENNIS E. HECKER, by and through counsel, William R. Skolnick and LuAnn Petricka, 2100 Rand Tower, 527 Marquette Ave. South, Minneapolis, MN 55402.

**PLEASE TAKE NOTICE** that Hyundai Capital America ("**HCA**"), through its attorneys, has issued a Subpoena ("**Subpoena**") to Riverwood Bank ("**Riverwood**") pursuant to Fed. R. Civ. P. 45, which is applicable to this case pursuant to Fed. R. Bankr. P. 9016, for the production of documents. A copy of the Subpoena is attached as **Exhibit A** to this Notice. Pursuant to the Subpoena, Riverwood is required to: (i) produce at or before **5:00 p.m.** (CST) on **December 7, 2009**, all requested documents and things in its possession, custody, or control to the Law Offices of Fafinski Mark & Johnson, P.A., 775 Prairie Center Drive, Suite 400, Eden Prairie, MN, 55344.

779089_1

Dated: November 19, 2009

                         FAFINSKI MARK & JOHNSON, P.A.

                         By: /s/ Connie A. Lahn
                              Connie A. Lahn (#269219)
                              Seth Leventhal (#263357)
                              Edwin H. Caldie (#388930)
                              Flagship Corporate Center
                              775 Prairie Center Drive, Suite 400
                              Eden Prairie, MN 55344
                              Telephone:    952-995-9500
                              Facsimile:     952-995-9577

                              ATTORNEYS FOR HYUNDAI
                              CAPITAL AMERICA

# EXHIBIT A

Form 255 - Subpoena in an Adversary Proceeding (12/06)

# UNITED STATES BANKRUPTCY COURT
## District of Minnesota

In re
Dennis E. Hecker
                                Debtor

Hyundai Capital America
                                Plaintiff
        v.

Dennis E. Hecker
                                Defendant

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.* 09-50779

Chapter 7

Adv. Proc. No.* 09-05041

TO: RIVERWOOD BANK, Baxter Drive, Baxter, MN, 56425.

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Fafinski Mark & Johnson, P.A., Flagship Corporate Center, Suite 400, 775 Prairie Center Drive, Eden Prairie, MN 55344 | December 7, 2009, at 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 11.19.09 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Edwin H. Caldie, Esq., #388930
Fafinski Mark & Johnson, P.A.
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: 952.995.9500

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 - Subpoena in an Adversary Proceeding (12/06)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) Information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A: SUBPOENA DUCES TECUM FOR RIVERWOOD BANK

## REQUEST FOR DOCUMENTS

### Definitions

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A. "<u>And</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that may otherwise be construed to be outside their scope. The term "each" includes "every," and vice versa. The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any."

B. "<u>Document</u>" as used in this request shall be construed in its broadest sense. "Document," as used here, includes emails. "Document" means any written, printed, typed, photocopied, photographed, recorded or graphic matter however produced or stored, including electronically stored information, in your possession, custody or control, and includes any original, reproduction, or copy of any kind of written or documentary materials or drafts, including, but not limited to, correspondence, memoranda, inter- or intra-office communications, notes, diaries, calendars, contracts, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer discs, computer cards, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications. The term "Document" also specifically includes data stored in an electronic format, including, but not limited to, e-mails and their associated attachments or other computer-mediated communications, databases, CAD and/or word processing documents located and/or maintained at any location within your custody and control, including but not limited to desktops, hard drives, network servers, disks, CD-ROMs

and/or tapes. Each draft or non-identical copy of an electronic record constitutes a separate document for purposes of these Requests and should be produced when requested.

C. "Hecker" means Dennis E. Hecker and his agents, representatives and employees.

D. "Possession, Custody, or Control" includes actual and constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which that person has a right to compel production from a third person (including attorneys possessing non-privileged materials), or that is otherwise subject to the control of the person in question, is within that person's "possession, custody or control."

E. "Relate to" or "relating to" means discussing, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, referring to or pertaining to, in whole or in part.

F. "You" and "Your" shall refer to Riverwood Bank.

## REQUESTS FOR DOCUMENTS AND THINGS

1. Any and all personal financial statements, tax returns, or other personal financial data in Your possession received from or generated by Hecker within the past three years.

2. Any and all Documents in Your possession in which Hecker discusses, references, or acknowledges any fact or assertion relating to his financial status.

3. Any and all Documents in Your possession in which Hecker discusses, references, or acknowledges any fact or assertion relating to his interest in any specific asset.

4. Any and all personal guarantees, loan agreements, notes, pledges, mortgages, or other agreements in Your possession that were executed by Hecker in his individual capacity.

5. All Documents in Your possession reflecting or relating to a description of any collateral encumbered by Your agreements with Hecker as of June 1, 2007.

6. All Documents in Your possession reflecting or relating to any accounting of any debt owed to You by Hecker as of June 1, 2007.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by hand delivery on the parties named below on this 19 day of November 2009 to:

DENNIS E. HECKER
c/o William R. Skolnick and LuAnn Petricka
2100 Rand Tower
527 Marquette Ave. South
Minneapolis, MN 55402.

_____
Attorney for Hyundai Capital America

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No.: 09-50779-RJK

Dennis E. Hecker, Chapter 7

    Debtor.

Hyundai Capital America, Adv. Case No.: 09-05041

    Plaintiff,

vs.

Dennis E. Hecker,

    Defendants.

## UNSWORN CERTIFICATE OF SERVICE

    I, Tasha L. Ellis, declare under penalty of perjury that on December 7, 2009, I mailed copies of the foregoing Interested Party RiverWood Bank's Motion to Quash Subpoena, Affidavit of Thomas C. Pearson and Proposed Order Granting Motion to Quash Subpoena, by first class mail postage prepaid to each entity named below at the address stated below for each entity:

    United States Trustee Program
    Region 12 Office
    Habbo G. Fokkena, U.S. Trustee
    225 Second Street SE, Suite 400
    Cedar Rapids, IA 52401

    United States Trustee Program
    District of Minnesota
    Robert B. Raschke, Assistant U.S. Trustee
    300 South Fourth Street
    Minneapolis, MN 55415

Executed on: __12/7/09__                Signed: /e/ Tasha L. Ellis

　　　　　　　　　　　　　　　　　　　　　　　　　—————————————————
　　　　　　　　　　　　　　　　　　　　　　　　　Tasha L. Ellis
　　　　　　　　　　　　　　　　　　　　　　　　　14275 Golf Course Drive, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　　Baxter, MN 56425
　　　　　　　　　　　　　　　　　　　　　　　　　(218) 828-9511

w:\text\2009\021.009 bkcy&adv clm\unsworn certificate of service2.doc

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: | Case No. 09-50779-RJK
Chapter 7

Dennis E. Hecker,

    Debtor.

---

Hyundai Capital America,                ADV Pro. No. 09-05041

    Plaintiff,

vs.

Dennis E. Hecker,

    Defendant.

---

### ORDER GRANTING MOTION TO
### QUASH SUBPOENA

At Minneapolis, Minnesota, this ____ day of January, 2010.

The above-entitled matter came on before the Court on interested party RiverWood Bank's motion to quash the Subpoena issued by Hyundai Capital America. Appearances were noted in the record.

Based upon the Motion, the arguments of counsel and all of the files, records and proceedings herein, it is hereby ORDERED:

1.     RiverWood Bank's Motion to Quash the Subpoena is GRANTED.

2.     The Subpoena served upon RiverWood Bank by Hyundai Capital America is hereby quashed.

3. Hyundai Capital America is prohibited from any further subpoena requests of RiverWood Bank unless it has made appropriate financial arrangements to alleviate the undue burden and express of complying with such a request suffered by RiverWood Bank.

Dated: January ____, 2010.  BY THE COURT:

_____
Robert J. Kressel
United States Bankruptcy Judge

w:\text\2009\021.009 bkcy&adv clm\bankruptcy documents\order riverwood motion to quash.doc